Tracy Allen COOK, Appellant,

v.

DIRECTOR OF REVENUE, State of Missouri, Respondent.

No. 19426.

Missouri Court of Appeals, Southern District, Division Two.

Jan. 12, 1995.

Charles T. Rouse, Salem, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for respondent.

PARRISH, Judge.

Tracy A. Cook (petitioner) appeals a judgment sustaining an order of the Director of Revenue suspending or revoking his driving privileges.[1] § 302.535, RSMo 1986. This court affirms.

Officer Clinton Massey, a police officer at Salem, Missouri, observed petitioner operating an automobile on the wrong side of a two-way street. He stopped petitioner and asked to see his operator's license. Petitioner had difficulty producing his license. Petitioner went through items that contained his operator's license two times without recognizing it. Officer Massey detected an odor of intoxicants about petitioner. He observed that petitioner's eyes were bloodshot and glassy. The pupils of petitioner's eyes were dilated.

Petitioner was asked to perform three field sobriety tests. He performed two of them satisfactorily but did not perform the third in a satisfactory manner. One of the tests petitioner performed required that he recite the alphabet. Petitioner successfully recited the alphabet; however, while doing so, he had difficulty maintaining his balance. Petitioner swayed from side to side and sagged at the knees. Officer Massey arrested petitioner for driving while intoxicated. Petitioner was taken to the Salem Police Department.

Officer Leslie Ferguson, another Salem police officer, administered a breathalyzer test to petitioner. The breathalyzer machine used to test petitioner produced a reading of the level of petitioner's blood alcohol concentration by weight. The test revealed blood alcohol concentration of .10 percent.

The Department of Revenue suspended or revoked petitioner's operator's license on the basis that there was probable cause to believe he drove a motor vehicle while his blood alcohol concentration was .10 percent by weight. § 302.505.[2]

■ Petitioner's first point on appeal contends the trial court erred in finding probable cause for his arrest by Officer Massey. Petitioner contends the failure to pass one of three sobriety tests was not sufficient probable cause for his arrest; therefore, the Director of Revenue lacked authority to suspend or revoke his operator's license.

Section 302.505 directs the Department of Revenue to suspend or revoke a person's operator's license if there is probable cause to believe the person was driving a motor vehicle while the blood alcohol concentration in his or her blood or breath was .10 percent or more. The Department of Revenue makes that determination on the basis of the report an arresting officer submits pursuant to § 302.510. The report includes a statement of the arresting officer's grounds for believing the person arrested drove a motor vehicle while intoxicated or drove a motor vehicle with excessive blood alcohol content as prohibited by §§ 577.010 and .012, RSMo 1986.

A person may seek administrative review of the decision to suspend or revoke his or her operator's license. The issue for resolve at the hearing is whether the person arrested is shown by a preponderance of the evidence to have been driving a vehicle while having blood alcohol concentration of .10 percent or more. § 302.530.4, RSMo 1986. Thereafter, as occurred in this case, if aggrieved by the decision of the Department of Revenue, the person may seek trial de novo in the circuit court. § 302.535, RSMo 1986.

■ The probable cause required to suspend or revoke an operator's license is the type of probable cause necessary to effectuate an arrest for the alcohol-related violation. *Aron v. Director of Revenue*, 737 S.W.2d 718, 719 (Mo. banc 1987). Probable cause exists where a police officer observes a traffic violation or unusual operation of a vehicle and, upon stopping a motorist, notes indications of alcohol consumption. *Id.*, citing *Schranz v.*

---

1. Neither the pleadings nor the record on appeal reveals whether the action taken by the Department of Revenue was suspension or revocation of petitioner's operator's license. This, however, does not hamper determination of this appeal in that either action is subject to the same judicial review.

2. References to statutes are to RSMo Supp.1993, unless stated otherwise.

*Director of Revenue,* 703 S.W.2d 912, 913 (Mo.App.1986). "[T]he specific probable cause to arrest for an alcohol-related traffic violation and in turn to support an administrative license suspension may be developed after a motorist is otherwise properly stopped." *Aron,* 737 S.W.2d at 719.

Officer Massey had sufficient evidence to stop petitioner for a traffic violation—failure to drive on the right side of the highway as required by § 304.015, RSMo 1986. After stopping petitioner, Officer Massey noted obvious indications of alcohol consumption. Point I is denied.

█ Petitioner's second point contends the trial court erred in finding Officer Massey's stop of his motor vehicle was not pretextual because evidence was presented that law enforcement officers routinely stopped persons leaving the place of business petitioner had frequented shortly before his arrest. Although not artfully drafted, this court construes petitioner's second point to be a claim that the trial court's judgment was not supported by substantial evidence; that it was against the weight of credible evidence.

█ This case was tried, as is required by § 302.535.1, RSMo 1986, by the court without a jury. As such, any conflicts in the evidence were for the trial judge to resolve. There was sufficient evidence to dispel a claim that petitioner's traffic stop was pretextual. The trial court heard the evidence and concluded it supported the determination that petitioner drove a motor vehicle with more than .10 percent blood alcohol concentration. The record on appeal does not support Point II. It is denied.

Giving due deference to the trial court's opportunity to ascertain facts and judge credibility of the witnesses, this court finds the judgment is supported by substantial evidence; that it is not against the weight of the evidence. There was no erroneous declaration or application of law. The judgment is affirmed.

GARRISON, P.J., and PREWITT, J., concur.