**Robert JOHNSON, Petitioner–Respondent,**

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI, Respondent–Appellant.**

No. 20133.

Missouri Court of Appeals, Southern District, Division One.

April 9, 1996.

Jeremiah W. (Jay) Nixon, Attorney General, Rodney P. Massman, Special Assistant Attorney General, Mo. Dept. of Revenue, Jefferson City, for appellant.

Phillip Glades, Joplin, for respondent.

PER CURIAM.

Robert Johnson was arrested for driving while intoxicated. The Department of Revenue issued an order suspending his driver's license pursuant to §§ 302.500–302.541.[1] The license was ordered reinstated, however, following a trial *de novo* and the director now appeals. The judgment is reversed and remanded.

■ On appeal, the decision of the trial court will be affirmed unless there is no substantial evidence to support it, unless it is against the weight of the evidence, or unless the trial court erroneously declares or misapplies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976); *Humes v. Director of Revenue*, 908 S.W.2d 156, 157 (Mo.App.1995). In the instant case, we hold that the court misapplied the law.

At the *de novo* hearing, Officer Brian Simmons of the Joplin Police Department testified that he observed Robert Johnson (Respondent) in the parking lot of the Red Lion Lounge at approximately 1:13 a.m. on January 29, 1994. According to the officer, who was driving by about a half a block away, Respondent was staggering and tripped over a concrete parking stop. Respondent then entered his car and pulled out of the parking lot in front of the officer, without yielding, although the officer did not have to take drastic measures to avoid a collision. Respondent then drove a short distance, stopped in a no parking zone and got out of his car and opened the hood, as if he were having engine trouble. Upon approaching Respondent, Officer Simmons testified that he smelled the odor of intoxicants and told Respondent that he would like to talk to him about the possibility of his being too intoxicated to drive. Respondent admitted having been drinking but denied "he was too intoxicated." Officer Simmons administered five field sobriety tests. Respondent failed three

of the five. Whereupon, Officer Simmons concluded that Respondent was driving while intoxicated and placed him under arrest. Respondent's breathalyzer examination registered a blood alcohol concentration of 0.15 per cent.

Respondent testified that he did not stagger or stumble while walking to his car, but admitted "drinking" that evening. He stated that the parking lot was filled with automobiles and that the first time that he observed Officer Simmons was when Respondent had gotten out of his car to check his power steering belt by raising the hood of the car and leaving the engine running.

The trial court found a "lack of probable cause to believe [Respondent] was operating a motor vehicle with BAC in excess of .10." Whereupon, Respondent's operator's license was ordered reinstated.

■ Before suspending or revoking an operator's license under § 302.505.1 the Director of Revenue must determine that: (1) the driver was arrested upon probable cause that he or she was driving in violation of an alcohol related offense; and (2) the driver had been driving at a time when his blood alcohol concentration exceeded the legal limit. *Gordon v. Director of Revenue*, 896 S.W.2d 737, 739 (Mo.App.1995).

At issue in this appeal is the first of these two requirements, for it is uncontested that Respondent's blood alcohol concentration was 0.15 per cent, in excess of the statutory requirements for suspending or revoking his license to operate an automobile.

■ "The probable cause required to suspend or revoke an operator's license is the type of probable cause necessary to effectuate an arrest for the alcohol-related violation." *Cook v. Director of Revenue*, 890 S.W.2d 738, 739 (Mo.App.1995); *Collins v. Director of Revenue*, 691 S.W.2d 246, 251 (Mo. banc 1985). Probable cause exists where the police officer observes a traffic violation or unusual operation of a vehicle and upon stopping the motorist, indications of alcohol consumption are noted. *Schranz v. Director of Revenue*, 703 S.W.2d 912, 913

---

1. All statutory references are to RSMo1994.

(Mo.App.1986). Specific probable cause to arrest for an alcohol related traffic violation and in turn to support an administrative license suspension, may be developed after a motorist is otherwise properly stopped. *Aron v. Director of Revenue,* 737 S.W.2d 718, 719 (Mo. banc 1987). Further, "[p]robable cause exists when the facts and circumstances would warrant a person of reasonable caution to believe that an [alcohol related] offense has been or is being committed." *Chinnery v. Director of Revenue,* 885 S.W.2d 50, 51 (Mo.App.1994). This determination must be made in relation to the circumstances as they would have appeared to a prudent, cautious and·trained police officer. *Id.*

█ In the instant case it is uncontroverted that Respondent stopped his automobile in a no parking zone at about 1:13 a.m. in the morning, raising his hood and leaving the engine running. Therefore, it is not unreasonable that a prudent, cautious and trained police officer would investigate this unusual behavior, both from the standpoint of a possible violation of a city ordinance against parking in a no parking zone and from the standpoint of a duty to render assistance. *See Humes,* 908 S.W.2d at 157 (Jeep parked in violation of state law). The evidence shows that the officer did not initiate the stop, but rather Respondent pulled his automobile over voluntarily, ostensibly without prior knowledge that the officer was behind him. The fact that upon approaching the vehicle the officer could smell intoxicants coming from Respondent provided the officer with a *new* factual predicate for reasonable suspicion to authorize the officer to continue to investigate whether the Respondent may have been operating a motor vehicle in an intoxicated condition. *Barish v. Director of Revenue,* 872 S.W.2d 167, 174 (Mo.App.1994). While the trial court may not have believed the testimony of the officer relating to observing Respondent staggering or stumbling on the parking lot, the unchallenged facts relating to the stopping in the no parking zone, at about 1:13 a.m., and the Respondent smelling of intoxicated beverages made the officer's actions reasonable and provided probable cause to believe that Respondent was driving while intoxicated.

Under the foregoing analysis, there was sufficient evidence to support the determination by the Department of Revenue to suspend Respondent's operator's license. The trial court erred in holding to the contrary. *Reinert v. Director of Revenue,* 894 S.W.2d 162, 164 (Mo. banc 1995).

The judgment is reversed and the cause is remanded to the trial court with instructions to enter an order sustaining the order of the Director of Revenue suspending Robert Johnson's operator's license.