**Mary C. SULLIVAN, Petitioner–Respondent,**

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI, Respondent–Appellant.**

No. 20663.

Missouri Court of Appeals,
Southern District,
Division One.

Dec. 9, 1996.

Jeremiah W. (Jay) Nixon, Attorney General, Charles L. Gooch, Sp. Assistant Attorney General, Mo. Dept. of Revenue, Jefferson City, for appellant.

Thomas E. Loraine, Roger M. Gibbons, Thomas E. Loraine, P.C., Osage Beach, for respondent.

BARNEY, Presiding Judge.

Mary Sullivan (Respondent) was arrested for driving while intoxicated. The Department of Revenue issued an order suspending

her driver's license pursuant to § 302.505.[1] The suspension was upheld in a subsequent administrative hearing. At a trial *de novo*, pursuant to § 302.535.1, the trial court entered a judgment in Respondent's favor at the close of the Director's case and Respondent's license was reinstated. The Director now appeals. The judgment of the trial court is reversed and the cause remanded for a new trial.

■ The judgment of the trial court will be affirmed unless it is unsupported by substantial evidence, it is against the weight of the evidence, or unless it erroneously declares or applies the law. *Gordon v. Director of Revenue*, 896 S.W.2d 737, 739 (Mo.App. 1995); *see also Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

■ At the trial *de novo* Corporal Haymes of the Missouri State Highway Patrol testified that on July 29, 1995, at approximately 2:30 a.m., he was on duty in a marked patrol car traveling westbound on Highway 54 in Camden County, Missouri. He observed Respondent, traveling eastbound, crest a hill at what he believed to be a speed "well over the posted speed limit." He confirmed her speed on radar at 57 miles per hour in a 45 miles per hour zone. Corporal Haymes then initiated a stop of Respondent's vehicle.

When he approached the vehicle, he saw that Respondent was driving and that there was one passenger in the car. He testified that he detected a moderate odor of intoxicants and when questioned about whether she had been drinking, Respondent stated that she had consumed two drinks.

Corporal Haymes then asked Respondent to perform four different field sobriety tests, three of which she failed. During the performance of the tests, Corporal Haymes testified that her speech was slow, deliberate and slurred "to a degree" and that her eyes were bloodshot. After the administration of the tests, Corporal Haymes placed Respondent under arrest for driving while intoxicated and transported her to the Osage Beach Police Department. A subsequent breath analysis test indicated that she had a blood alcohol concentration of 0.12% by weight.

At the close of the Director's evidence, Respondent moved for a "directed verdict." [2] The trial court granted the motion stating that "Petitioner [Respondent] was stopped by a Missouri State Highway Patrolman for violation of a municipal ordinance. Therefore, the Petitioner was stopped without probable cause."

Section 302.505.1 sets forth the Director's burden of proof in a license revocation proceeding. The Director must establish by a preponderance of the evidence that: 1) the driver was arrested upon probable cause that he or she was driving in violation of an alcohol related offense; and 2) the driver had been driving at a time when his blood alcohol concentration exceeded the legal limit. *Gordon*, 896 S.W.2d at 739.

■ Probable cause may exist where a police officer observes a traffic violation or unusual operation of a vehicle and, upon stopping a motorist, notes indications of alcohol consumption. *Frank v. Director of Revenue*, 925 S.W.2d 477, 478 (Mo.App.1996). However, specific probable cause to make an arrest for an alcohol related traffic violation and in turn to support an administrative license suspension, may be developed after a motorist is otherwise properly stopped. *Johnson v. Director of Revenue*, 920 S.W.2d 129, 132 (Mo.App.1996); *Cook v. Director of Revenue*, 890 S.W.2d 738, 740 (Mo.App.1995); *see also Aron v. Director of Revenue*, 737 S.W.2d 718, 719 (Mo. banc 1987). The courts should judge whether an officer had probable cause to make an arrest in relation to circumstances as they would appear to a prudent, cautious and trained police officer. *Johnson*, 920 S.W.2d at 132; *Chinnery v. Director of Revenue*, 885 S.W.2d 50, 51 (Mo.App.1994).

In the case at bar, Respondent was initially stopped by Corporal Haymes for traveling 57 miles per hour in a 45 miles per hour zone. Once Corporal Haymes approached

---

1. All statutory references are to RSMo 1994.

2. *See* Rule 73.01(a)(2) Missouri Rules of Civil Procedures (1995) relating to motions for judg-

ment at the conclusion of a plaintiff's presentation of evidence.

the car and smelled the odor of intoxicants, he was provided with a new factual predicate for reasonable suspicion that allowed him to investigate whether Respondent may have been operating a motor vehicle in an intoxicated condition. *Johnson,* 920 S.W.2d at 132; *see also Barish v. Director of Revenue,* 872 S.W.2d 167, 174 (Mo.App.1994).

■ The trial court granted Respondent's motion for judgment at the close of the Director's case on the belief that Corporal Haymes was without jurisdiction to stop Respondent for violating a municipal ordinance of the City of Osage Beach, Missouri, and therefore, lacked probable cause for the stop. However, " '[t]he alleged illegality of or lack of probable cause for the stop does not affect the admissibility of observations stemming from that stop in a civil revocation proceeding.' " *Lambert v. Director of Revenue,* 897 S.W.2d 204, 205 (Mo.App.1995); *Gordon,* 896 S.W.2d at 740.[3] Additionally, there was sufficient evidence in the present case to dispel any claim that the traffic stop was pretextual. *See Cook,* 890 S.W.2d at 740.

The trial court erred in granting Respondent's motion for judgment at the close of the Director's case on the basis that Respondent was stopped without probable cause. Additionally, the judgment of the trial court granting Respondent's motion foreclosed her the opportunity to present her defense. Therefore, we reverse and remand for a new trial. *See Aron,* 737 S.W.2d at 720.

GARRISON and PREWITT, JJ., concur.

**3.** "Missouri courts recognize the inapplicability of the fourth amendment's exclusionary rule to civil proceedings". *Sullins v. Director of Revenue,* 893 S.W.2d 848, 850 (Mo.App.1995).