**Joe L. DICKERSON, Respondent,**

v.

**Quentin WILSON, Director of Revenue, Missouri Department of Revenue, Appellant.**

**No. WD 57384.**

Missouri Court of Appeals, Western District.

April 11, 2000.

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Jefferson City, for appellant.

Joe L. Dickerson, Kansas City, acting pro se.

Before JAMES M. SMART, Jr., Presiding Judge, JOSEPH M. ELLIS, Judge and EDWIN H. SMITH, Judge.

ELLIS, Judge.

On October 31, 1998, Kansas City, Missouri police officer Jeffrey Calvin received a call to respond to the scene of an "outside disturbance" resulting from an auto accident near Linwood and Norton in Jackson County. When he arrived at the scene, he observed Respondent Joe Dickerson standing in the roadway, and later testified that he noticed Dickerson was swaying. Officer Calvin observed a blue Dodge pickup truck parked on the west side of the street, with damage to the right front. He also observed a BMW resting partially on the sidewalk, with extensive

damage to the left rear. Both vehicles were unoccupied.

When Calvin approached Dickerson, he detected a strong odor of alcohol, and noted that Dickerson's eyes were bloodshot and glassy. Calvin asked Dickerson what happened, and according to Calvin's testimony, Dickerson responded that he was "driving and hit the car—the car that was parked in the middle of the street." When Calvin asked Dickerson if he had been drinking, Dickerson responded, "I drove two beers." Upon further questioning, Dickerson admitted to drinking four twelve-ounce cans of Miller Lite. When asked to perform field sobriety tests, Dickerson said he was unable to perform the walk-and-turn test, could not perform the one-legged stand test due to a cold or sinus problem, and refused to look at the Officer in order for him to perform the horizontal gaze nystagmus test. Calvin testified that, when he asked Dickerson if he had been in the accident, Dickerson responded in the affirmative. Calvin did not ask Dickerson when the accident occurred.

At that point, Calvin placed Dickerson under arrest and read him the *Miranda* warnings and Implied Consent Law, § 577.020.[1] Calvin testified that Dickerson then refused a chemical breath test. When officers tried to place Dickerson in a holding cell, he told them that he had only consumed Listerine. Dickerson was provided with a notice of revocation of his driving privileges for a period of one year beginning November 15, 1998 for failure to submit to a chemical test, § 577.041.

On November 9, 1998, Dickerson made a request for hearing pursuant to § 577.041 in the Associate Circuit Court of Jackson County. The court entered an order staying the revocation of Dickerson's driving privileges until January 21, 1999, which was continued to March 4, 1999, at which time the case was heard. The only evidence adduced at trial was the testimony of Officer Calvin. At the end of Calvin's testimony, counsel for Dickerson moved for summary judgment, which was granted by the court. The court entered its Final Judgment and Order reinstating Dickerson's driving privileges, which was amended on March 17, 1999. Director appeals.

In his sole point of error on appeal, Director argues that the trial court erroneously set aside the revocation of Dickerson's driving privileges under § 577.041.4, because the evidence established that Dickerson was arrested, that the officer had reasonable grounds to believe he had been driving a motor vehicle while intoxicated, and that he refused to submit to a breath test.[2]

We will affirm the trial court's decision unless it is not supported by substantial evidence, is against the weight of the evidence, or misstates or misapplies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). The trial court's decision should be limited to a determination of (1) whether the individual was arrested; (2) whether the arresting officer had reasonable grounds to believe the individual was driving while intoxicated; and (3) whether the individual refused to submit to the test. *§ 577.041.4; Borgen v. Director of Revenue,* 877 S.W.2d 172, 174 (Mo.App. W.D.1994).

At the close of Director's case, the trial court determined that Director had presented no evidence linking Dickerson to either vehicle involved in the accident, and therefore no reasonable grounds for the arresting officer to believe he had been driving while intoxicated. We disagree. Where the defendant admits to driving a vehicle which has been involved in an accident and offers no evidence to the contrary, it is reasonable grounds for arrest for driving while intoxicated, even though the arresting officer does not observe the defendant driving one of the

---

1. All statutory references are to RSMo Cum. Supp. (1997) unless otherwise noted.

2. Respondent did not favor us with a brief in this case.

vehicles. *Pappin v. D.O.R.*, 958 S.W.2d 591, 592 (Mo.App. E.D.1998). "Reasonable grounds" is virtually synonymous with probable cause. *Wilcox v. Director of Revenue*, 842 S.W.2d 240, 242 (Mo.App. W.D.1992). The quantum of proof required to show reasonable grounds is substantially less than that required to establish guilt beyond a reasonable doubt, and the standard is one of a "cautious, trained and prudent police officer at the time of arrest." *Id.* at 242, 243. Although mere suspicion is not sufficient for reasonable grounds, absolute certainty is not required. *Id.* at 243. "An officer may have reasonable grounds to arrest for driving intoxicated, even when his evidence of "actually driving" is based on circumstantial evidence." *Id. See also Persons v. D.O.R.*, 968 S.W.2d 259 (Mo.App. E.D.1998); *State v. Stimmel*, 800 S.W.2d 156 (Mo.App. E.D. 1990).

 When Officer Calvin was called to the scene of an auto accident, he observed Dickerson standing in the middle of the street adjacent to the two wrecked vehicles. He was swaying on his feet and smelled of intoxicants. Dickerson admitted to the officer that he had been driving southbound and hit the parked car. The other vehicle was a truck, and therefore it was reasonable to assume that Dickerson was driving the truck. The physical evidence confirmed that the right front of the truck impacted with the left rear of the car at the scene. Dickerson admitted that he "drove two beers," and later admitted to having had four beers. From all the surrounding circumstances, and Dickerson's admissions, the Director made a *prima facie* showing that Calvin had reasonable grounds to believe that Dickerson had been driving while intoxicated. Thus, the trial court erred in finding otherwise based on the record before us. We note, however, that the trial court effectively granted Dickerson a directed verdict at the close of the Director's case and thus Dickerson did not have an opportunity to present evidence. It is possible that Dickerson could present evidence which, if believed, might refute the Director's showing. Thus, the case must be remanded for new trial. *Sullivan v. Director of Revenue*, 936 S.W.2d 580, 582 (Mo.App. S.D.1996).

The judgment of the trial court is reversed, and the cause is remanded for a new trial.

All concur.