Eric C. HESKETT, Plaintiff–
Respondent,

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI, Defendant–Appellant.**

**No. 24194.**

Missouri Court of Appeals,
Southern District,
Division Two.

Nov. 29, 2001.

Jeremiah W. (Jay) Nixon, Atty. Gen., David F. Barrett, Asst. Atty. Gen., Jefferson City, for Appellant.

No appearance for Respondent.

PHILLIP R. GARRISON, Presiding Judge.

The Director of Revenue ("Director") appeals from the judgment of the trial court ordering the reinstatement of Eric C. Heskett's ("Heskett's") driving privileges.[1] We reverse and remand.

On May 1, 1999, officers of the Springfield Police Department were dispatched to the scene of an injury accident. When they arrived, they found Heskett lying on the ground across the street from an overturned motorcycle that was registered to him. Witnesses advised the officers that they were Heskett's friends, and that they had seen him drink two beers and five mixed drinks earlier in the evening. They told the officers that they were on their

---

1. Heskett has failed to file a brief in connection with this appeal. The failure of a respondent to file a brief on appeal is an imposition on the court and leaves us dependent upon an appellant's presentation and our own re- search; however, because no penalty is imposed by statute or rule, we proceed to determine the case on its merits. *Massey v. Todd*, 962 S.W.2d 949, 950 n. 2 (Mo.App. S.D.1998).

way to a hotel when Heskett lost control of his motorcycle and crashed.

At the hospital, the arresting officer observed that Heskett had mood swings ranging from sleepy to uncooperative, and that he had a strong odor of intoxicants on his breath. Heskett's ability to follow directions was also poor, and his speech was confused and incoherent. His clothing was soiled with dirt and blood. After being advised of his Miranda rights, Heskett refused to discuss his situation with the officer. When subsequently informed that he was under arrest and advised of the implied consent law, he consented to a blood test. Heskett's blood alcohol content was determined to be .19 percent.

Although not part of the record, the Director apparently sought to suspend Heskett's driving privileges. Following a hearing, Heskett's driving privileges were suspended by an order mailed on September 15, 1999, which was to become effective on September 30, 1999. Heskett filed a petition for review on September 23, 1999.

At the trial on January 19, 2001, both parties agreed to have the case submitted upon the written record. The Director offered several certified records into evidence, including Heskett's toxicology report, an alcohol influence report, an incidental report, an accident report, and Heskett's driving record. Counsel for the Director and for Heskett agreed that the witnesses' statements in the police reports would be admissible to the extent of establishing probable cause, but could not be used to establish that Heskett was operating the motorcycle. Heskett did not offer any evidence.

The trial court entered its judgment on March 19, 2001, and ordered the Director to set aside Heskett's suspension. The trial court found that the Director had failed to establish that Heskett was operating the motor vehicle. The Director appeals, contending in his sole point on appeal that the trial court erred in setting aside the suspension of Heskett's driver's license on the grounds that he failed to establish that Heskett was operating a motor vehicle.

■ Appellate review of bench-tried cases is governed by the principles established in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).[2] The judgment of the trial court will be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Id.; Cox v. Director of Revenue*, 37 S.W.3d 304, 306 (Mo.App. S.D.2000). We need not defer to the trial court's judgment if the evidence is uncontroverted or admitted, so that the real issue is a legal one. *Molthan v. Director of Revenue*, 32 S.W.3d 643, 645 (Mo.App. W.D.2000).

■ Under Section 302.505.1,[3] the Director has the burden to establish 1) that the driver was arrested on probable cause that he or she was committing an alcohol-related driving offense, and 2) that the driver was driving with a blood alcohol concentration of at least .10 percent by weight. *House v. Director of Revenue*, 997 S.W.2d 135, 138 (Mo.App. S.D.1999). Here, the only issue is whether the Director presented sufficient evidence to establish that Heskett was driving.

2. *Murphy* interpreted the provisions of Rule 73.01(c). The provisions of that Rule now appear in essentially the same form in Rule 84.13(d), Missouri Rules of Civil Procedure (2001).

3. All statutory references are to RSMo 2000, unless otherwise indicated.

*House* holds that the Director must prove that "the *driver*—not someone *believed* to be the driver-was driving." 997 S.W.2d at 139. *See also Hampton v. Director of Revenue,* 22 S.W.3d 217, 221 (Mo. App. W.D.2000); and Section 302.530.4, providing that at the administrative hearing on suspension or revocation, "[t]he sole issue at the hearing shall be whether by a preponderance of the evidence the person was driving a vehicle pursuant to the circumstances set out in section 302.505." Other cases have followed the same reasoning. *See Morris v. Director of Revenue,* 59 S.W.3d 654 (Mo.App. S.D.2001).

■ The facts in this case, excluding anything in the police reports which might be construed as hearsay, show that Heskett was found injured on the ground and had a blood alcohol concentration of .19 percent. No other injured people were in the vicinity, and a motorcycle was found lying on its side across the road from Heskett. Heskett was the owner of the motorcycle.

■ Circumstantial evidence may be relied on when the arresting officer does not actually see who operated the motor vehicle. *Mayberry v. Director of Revenue,* 983 S.W.2d 628, 631 (Mo.App. S.D.1999). Circumstantial evidence means evidence that does not directly prove a fact in issue but gives rise to a logical inference that the fact exists. *State v. Harris,* 807 S.W.2d 528, 529 (Mo.App. W.D.1991).

■ At trial, Heskett never took the stand to testify or presented evidence showing that there was some reasonable explanation of the circumstances, other than that he was the driver. Our standard of review does not permit this court to affirm the judgment of the trial court by merely disregarding all uncontradicted evidence that supports the Director's contention that all elements for an administrative

revocation were met. *See Kienzle v. Director of Revenue,* 944 S.W.2d 326, 328 (Mo.App. S.D.1997). Unlike *House,* there was no contrary evidence presented here that the trial court could have decided to believe over that presented by the Director. *See also Reinert v. Director of Revenue,* 894 S.W.2d 162, 164 (Mo. banc 1995); and *Cox,* 37 S.W.3d at 308.

There is no evidence contradicting the inference that Heskett was the driver. Consequently, we must reverse the judgment of the trial court, and remand the case with directions to the trial court for the entry of judgment upholding Heskett's suspension.

PREWITT, J., and RAHMEYER, J., concur.