Lisa MANSFIELD, Respondent,

v.

DIRECTOR OF REVENUE, Appellant.

No. WD 60460.

Missouri Court of Appeals,
Western District.

Aug. 20, 2002.

Jeremiah W. (Jay) Nixon, Attorney General, Audara Charlton, Assistant Attorney General, Jefferson City, for appellant.

Lisa N. Ellefson, Mansfield, Independence, pro se.

RONALD R. HOLLIGER, Judge.

The Director of Revenue appeals a judgment setting aside an administrative order revoking Lisa Mansfield's driving privileges for refusal to take a chemical test pursuant to RSMo 577.041.1. We reverse and remand.

### Facts

On May 5, 2001, Mansfield was involved in a vehicular accident. When the arresting officer, Officer Curd, arrived at the scene, Mansfield was not in the vehicle. She was being treated by emergency medical personnel for minor injuries. Curd's report indicated that Mansfield smelled of intoxicants, that her speech was "extremely slurred," and that her eyes were bloodshot. Mansfield's clothing was soaked with water, and she explained that she had fallen into a creek by the side of the road when she exited her vehicle.

Mansfield's vehicle was parked by the left side of the road. The vehicle was facing northbound on the side of the road

for southbound traffic. The vehicle was also half in the roadway and half out of the roadway. On the driver's side of the vehicle, there was a steep drop-off into a creek. Curd observed what he believed to be fresh footprints on the driver's side of the vehicle.

Mansfield refused to take field sobriety tests. After being advised of the implied consent law and of her *Miranda* rights, Mansfield also refused to answer further questions. She also refused to submit a blood sample. After being treated at the hospital, she was arrested by Curd.

Subsequently, Mansfield's license was administratively suspended for failure to submit to a breath alcohol test. She sought judicial review by the circuit court, and the case was submitted upon Curd's stipulated reports. Mansfield apparently presented no evidence on her own behalf.

The trial court found that the officer did not have reasonable grounds to believe that Mansfield was driving a motor vehicle while in an intoxicated or drugged condition. It, therefore, reinstated Mansfield's license. The present appeal follows.

## Analysis

■ In his sole point on appeal, the Director contends that the trial court's finding that the officer did not have reasonable grounds to believe that Mansfield was driving while in an intoxicated or drugged condition was against the weight of the evidence and is not supported by substantial evidence.

No brief has been filed on behalf of the respondent.

*Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976), supplies the applicable stan-dard of review. The trial court may not be reversed unless there is no substantial evidence to support the judgment below, it is against the weight of the evidence, it erroneously declares the law, or it erroneously applies the law. *Id.* at 32.

In reviewing the administrative suspension of a driver's license, three elements must be met for the suspension to be upheld: (1) the driver must be arrested; (2) the arresting officer must have reasonable grounds to believe that the driver was in an intoxicated or drugged condition while driving; and (3) the driver must refuse to submit to take a breath test. § 577.041.4, RSMo 2000. *Hinnah v. Dir. of Revenue*, 77 S.W.3d 616, 620 (Mo. banc 2002).

The trial court made a specific finding in its judgment that "there was no direct evidence offered by Respondent that Applicant/Petitioner was driving a motor vehicle on the occasion in question, May 20, 2001." To the extent that this finding indicates that the trial court believed that the issue was in fact whether Mansfield was driving, it is a misstatement of the law. As the Supreme Court made clear in *Hinnah*, the issue is not who was actually driving but whether the officer had reasonable grounds to believe that the licensee was driving. In other words, a licensee who was not in fact driving but who an officer has probable cause to believe was driving is subject to revocation (if other elements are met) for refusal to take the chemical test. *Id.* at 622. It is in this light that we must review the record below to determine whether Officer Curd had reasonable grounds to believe that Mansfield was driving.[1] "Reasonable grounds"

1. There does not appear to be any question based on the record below that Officer Curd did not reasonably believe Mansfield was intoxicated. In fact, none of the trial court's findings in favor of Mansfield make reference to the issue of intoxication. As previously noted, Mansfield did not file a brief, but she does not appear to have argued before the

is essentially the same as probable cause. *Dickerson v. Wilson*, 15 S.W.3d 56, 59 (Mo.App.2000).

■ Where the evidence is uncontroverted or admitted, so that the real issue is a legal one as to the legal effect of the evidence, we give no deference to the trial court's judgment. *Hampton v. Dir. of Revenue*, 22 S.W.3d 217, 220 (Mo.App. 2000). Here, the case was tried solely upon the officer's report. Mansfield asserted at the abbreviated hearing that the report was replete with hearsay and unfounded conclusions, but she did not specify particular areas of the report. Even giving Mansfield's argument the benefit of the doubt, we believe that there was a sufficient basis for Officer Curd to believe that Mansfield was driving and, therefore, request that she submit to the test.

■ The report says that Mansfield fell into the creek as she stepped out of the driver's side of her vehicle. "Probable cause to arrest exists when the arresting officer's knowledge of the particular facts is sufficient to warrant a prudent person's belief that a suspect has committed an offense." *State v. Tokar*, 918 S.W.2d 753, 767 (Mo. banc 1996). Here, even accepting Mansfield's unclear objections to the report, the uncontroverted facts are sufficient to establish probable cause. Mansfield said the vehicle was hers and that she stepped out of the driver's side and fell into a creek. The vehicle was parked on the wrong side of the road partially on the pavement. Except for medical personnel, no one but Mansfield was present at the scene. The scene was in a rural area. There were no other potential drivers. Although this evidence might not be sufficient to convict of driving while intoxicated

trial court that the officer did not have reasonable grounds to believe that she was intox-

or driving with an excessive blood alcohol content, such proof was not the Director's burden in a refusal case. *Hinnah*, at 621.

The judgment of the trial court is reversed and remanded with directions to reinstate the Director's revocation of Mansfield's driving privileges.

PATRICIA A. BRECKENRIDGE, Presiding Judge, and VICTOR C. HOWARD, Judge, concur.