**Terry Mark BURLESON, Petitioner–Respondent,**

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI, Respondent–Appellant.**

**No. 24455.**

Missouri Court of Appeals, Southern District, Division One.

Oct. 31, 2002.

Motion for Rehearing or Transfer Denied Nov. 22, 2002.

Application for Transfer Denied Jan. 28, 2003.

Jeremiah W. (Jay) Nixon, Atty. Gen., John Mollenkamp, Asst. Atty. Gen., Jefferson for appellant.

Natalie D. Riley, Holden Law Office, Dexter, for respondent.

PHILLIP R. GARRISON, Judge.

The Director of Revenue ("Director") appeals from the judgment of the trial court reinstating the driving privileges of Terry Mark Burleson ("Burleson") following the one year suspension of those privileges for Burleson's failure to submit to a chemical breath analysis. We reverse and remand.

The evidence presented to the trial court consisted entirely of records presented by the Director. Those documents indicated the following:

At approximately 1:18 A.M. on January 22, 2001, Trooper Michael Lynch of the Missouri State Highway Patrol ("Lynch") responded to a radio call to assist Officer Foster of the Dexter, Missouri Police Department ("Foster") in connection with a traffic stop. Upon Lynch's arrival fifteen minutes after he received the call, Foster told him he had been investigating a reported break-in when a white sport utility vehicle ran him off the road. Foster told

Lynch he stopped the vehicle, and that the driver appeared to be very intoxicated.

After speaking with Foster, Lynch approached Burleson, who was seated in Foster's patrol car, and asked him to get out of the car and move to Lynch's patrol car. Lynch noted a strong odor of alcohol on Burleson's breath and, while Burleson's pupils appeared normal, his eyes were watery and bloodshot. Burleson was unable to stand without swaying and wobbling, and his walk was plagued by swaying, stumbling, staggering and falling. While seated in Lynch's patrol car, Burleson admitted to having consumed "quite a few pitchers of beer."

Lynch administered multiple sobriety tests, including the gaze nystagmus, one-legged stand, and walk-and-turn tests. Burleson failed all the tests. Lynch then arrested Burleson for driving while intoxicated, advised him of his Miranda rights, and transported him to the Stoddard County Sheriff's Department. Burleson asked that his vehicle not be towed from the scene. Lynch interviewed Burleson for the purpose of completing an Alcohol Influence Report. Burleson answered a few preliminary questions, but eventually declined to respond to any more questions. At 2:07 A.M., Lynch read to Burleson the implied consent law and asked that he submit to a breathalyzer test. Burleson contacted his attorney and, following that conversation, refused to submit to the requested test.

Pursuant to Section 577.041(1),[1] Director revoked Burleson's driver's license for refusing to submit to a chemical test for intoxication. On January 30, 2001, Burle-son filed a petition challenging the suspension, as authorized by Section 577.041(4). The trial court heard the matter on July 9, 2001, with the only evidence submitted by Director being a certified copy of the pertinent records of the Department of Revenue.[2] This evidence was received subject to a hearsay objection lodged by Burleson, who offered no evidence of his own.

On July 17, 2001, the trial court issued its judgment ordering Director to reinstate Burleson's driver's license. The court found that the certified records submitted to the court by Director contained inadmissible hearsay and that, without that evidence, Director had failed to establish that Burleson had operated a vehicle in an intoxicated condition. Director appeals.

 In reviewing matters tried without a jury, we will affirm the judgment of the trial court if it is supported by substantial evidence, is not against the weight of the evidence, and does not erroneously declare or apply the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976).[3] If the evidence is uncontroverted or admitted, so that the real issue is legal in nature, this court need not defer to the trial court's judgment. *Heskett v. Director of Revenue,* 62 S.W.3d 103, 105 (Mo.App. S.D.2001).

The only three issues properly before the trial court in a review of a license suspension under Section 577.041(1) are, in pertinent part, whether or not (1) the person was arrested; (2) the arresting officer had reasonable grounds to believe the person was driving a motor vehicle while in-

---

**1.** All references to statutes are to Missouri Revised Statutes (2000) unless otherwise indicated.

**2.** Section 302.312 states that certified records of the Department of Revenue "shall be admissible" in Missouri courts.

**3.** *Murphy* interpreted the provisions of Rule 73.01(c). The provisions of that rule now appear in essentially the same form in Rule 84.13(d), Missouri Rules of Civil Procedure (2002).

toxicated; and (3) the person refused to submit to the chemical test. Section 577.041(4); *Mansfield v. Director of Revenue*, 82 S.W.3d 225, 226 (Mo.App. W.D. 2002). In the instant case, only the second of these inquiries is at issue, as Burleson does not dispute that he was arrested or that he refused to submit to a breathalyzer test.

In Director's sole point on appeal, it is argued that the trial court "erred in excluding 'hearsay' statements in the arresting officer's Alcohol Influence Report because the statements were not hearsay in that they were not offered to prove the truth of the matter asserted but rather to prove the arresting officer's reasonable grounds to believe that [Burleson] was driving a vehicle while in an intoxicated condition." In its judgment, the trial court found "that the affidavit and attached narrative report [in the certified records] contain hearsay within hearsay that is not admissible under the business records exception to the hearsay rule." As a result, the trial court determined that Director had "not presented sufficient evidence to meet its burden of proof and ... failed to establish that [Burleson] was operating a motor vehicle on January 22, 2001." More specifically, the court determined that the submitted records established that Burleson "was not arrested by the officer who filed the affidavit with the Department of Revenue; that there is no admissible proof that [Burleson] was operating a motor vehicle at the time of the alleged incident; and, that [Burleson] did not admit to operating a motor vehicle at the time in question."

While the record before us does not include the affidavit referenced by the trial court in its judgment, and Burleson's hearsay objection was less than specific in nature, Burleson's brief to this court indicates the thrust of the objection was directed to the offer into evidence of Foster's statements to Lynch regarding Burleson's alleged state of intoxication. Left only with Lynch's own observations as recorded in his Alcohol Influence Report, Burleson argues, and the trial court agreed, that there was insufficient evidence to support the suspension of Burleson's license.

■ While Burleson's characterization of Foster's statements to Lynch as hearsay would be accurate had they been offered for their truth, the argument is beside the point. "This court recognizes the information [Lynch received from Foster was] vulnerable to a hearsay objection had Director offered it to prove [Burleson] was in fact driving the vehicle. However, hearsay evidence is sufficient to establish probable cause to arrest because it is not offered for its truth, but to explain the basis for a belief that probable cause to arrest existed." *Calicotte v. Director of Revenue*, 20 S.W.3d 588, 592 n. 5 (Mo.App. S.D.2000) (internal citations omitted); *McCabe v. Director of Revenue*, 7 S.W.3d 12, 14 (Mo. App. E.D.1999) (quoting *State v. Holt*, 695 S.W.2d 474, 478 (Mo.App. E.D.1985)). Indeed, Burleson concedes as much in his brief to this court. In this Section 577.041 proceeding, the only contested issue before the trial court was whether or not Lynch had reasonable grounds to believe Burleson had been operating a vehicle in an intoxicated state. " 'Reasonable grounds' is essentially the same as probable cause." *Mansfield* at 226–27 (citing *Dickerson v. Wilson*, 15 S.W.3d 56, 59 (Mo.App. W.D. 2000)). It was a misapplication of the law as stated in *Calicotte*, *McCabe*, and *Holt* to exclude Foster's statements as hearsay, rendering the judgment reversible under *Murphy*.

■ There is additional error in the trial court's judgment. The court made a specific finding in its judgment that "there

is no admissible proof that [Burleson] was operating a motor vehicle at the time of the alleged incident[,] and . . . [Burleson] did not admit to operating a motor vehicle at the time in question." "To the extent that this finding indicates that the trial court believed that the issue was in fact whether [Burleson] was driving, it is a misstatement of the law." *Mansfield* at 226. The Missouri Supreme Court recently made clear that, in the case of a license suspension under Section 577.041(1), Director need not prove actual driving. *Hinnah v. Director of Revenue*, 77 S.W.3d 616, 622 (Mo. banc 2002). The applicable statute is clear: all that need be shown in this case is that Lynch had a reasonable belief that Burleson was driving his vehicle in an intoxicated state. It is clear to us from the evidence that he did. "Probable cause exists when the facts and circumstances would warrant a reasonable person to believe an offense has been committed." *McCabe* at 14 (citing *Farin v. Director of Revenue*, 982 S.W.2d 712, 715 (Mo.App. E.D.1998)). Whether probable cause to arrest exists is determined by viewing the evidence from the perspective of "a prudent, cautious and trained police officer." *Id.* Even if the trial court had not erred in excluding Foster's statements to Lynch as hearsay, Lynch's own observations, while perhaps not sufficient to prove beyond a reasonable doubt that Burleson was driving while intoxicated, is sufficient to establish reasonable grounds. Lynch observed a strong odor of alcohol on Burleson from his initial encounter with him. Burleson had a "poor sense of balance," admitted to having consumed "quite a few pitchers of beer," had bloodshot, watery eyes, and failed multiple field sobriety tests. No other apparent driver of the sport utility vehicle was present on the scene when Lynch arrived, and Burleson asked that "his" vehicle be left at the scene and not towed. These observations alone were sufficient to establish reasonable grounds to believe Burleson had driven his vehicle while intoxicated, and they are uncontroverted. As we noted earlier, where the evidence is uncontroverted or admitted, as here, no deference to the judgment of the trial court is necessary. *Hinnah* at 622; *Heskett* at 105. Add to these uncontroverted facts Foster's statements to Lynch, which were improperly excluded by the trial court, and Lynch's reasonable belief is stronger still. As this was the only disputed question of the three before the court, it was error for the trial court to reinstate Burleson's driving privileges.

The judgment of the trial court is reversed, and the cause is remanded to the trial court with directions to reinstate the one year suspension of Burleson's driver's license.

MONTGOMERY, P.J., and BARNEY, J., concur.