**HAWK ISOLUTIONS GROUP, INC., Appellant,**

v.

**Allona MORRIS, et al., Respondents.**

**No. ED 91409.**

Missouri Court of Appeals, Eastern District, Division One.

May 19, 2009.

Aaron G. Weishaar, Saint Louis, MO, for Appellant.

Allona Morris, Saint Louis, MO, pro se.

## OPINION

GLENN A. NORTON, Judge.

Hawk iSolutions Group, Inc. ("Plaintiff") appeals the judgment awarding it $14,459.65 for services performed under a contract with Allona Morris ("Defendant").[1] Plaintiff argues that the trial court erred in awarding the amount prayed for in its original petition rather than the amount requested in its amended petition. Plaintiff also argues that the trial court erred in failing to award prejudgment interest. We reverse and remand with instructions.

## I. BACKGROUND

Plaintiff is in the business of providing computer and information technology products, software, and associated on-going support services to its customers. In November 2006, Plaintiff and Defendant entered into a contract to provide Defendant with computer equipment, products and services, including installation services. The total contract amount for the equipment, products, and fifty pre-paid service hours totaled $46,215.00. Defendant does not dispute that Plaintiff performed all of its obligations under the contract by December 15, 2006. Defendant also does not dispute that she asked Plaintiff to perform additional services, such as repairs and website registration. The total cost of all services provided to Defendant was $51,896.74.

According to the contract, Defendant agreed to pay Plaintiff 50% of the contract price as a down payment, 25% of the price after delivery of the equipment and the remaining 25% when Plaintiff completed installation. Defendant paid $21,482.50 to Plaintiff upon signing the contract. She paid an additional $10,000.00 on December 5, 2006. She made several other small payments over the next five months, leaving an unpaid balance of $20,141.39.

Plaintiff filed a petition against Defendant claiming breach of contract and quantum meruit on August 15, 2007. It was allowed to file an amended petition restating the same claims on December 17, 2007. The amended petition prayed for $20,141.39 plus interest at the statutory rate of 9% from January 15, 2007. Plaintiff's original petition only requested judgment in the amount of $14,459.65 plus prejudgment interest. In particular, the original petition did not request amounts owed based on the additional services Plaintiff performed in response to Defendant's requests.

During the bench trial on Plaintiff's claims, in addition to testimony on the issue of amounts owed, Plaintiff presented and the trial court admitted into evidence several exhibits. In particular, the trial court admitted Plaintiff's Exhibit B, a spreadsheet listing amounts owed under the contract and for the additional services Defendant requested. When presenting

---

1. Plaintiff also filed its petition against the Children's Activity Playground and Computer Café, LLC, d/b/a The Thinking Pad. Default judgment was entered against the Children's Activity Playground. Defendant testified at trial that, as sole owner and president of Children's Activity Playground, she considered herself as an individual and Children's Activity Playground to be one entity. Accordingly, we will not distinguish between Defendant and Children's Activity Playground for purposes of this appeal. Neither Defendant nor Children's Activity Playground filed a respondent's brief.

her defense, Defendant, acting pro se, asked Plaintiff's witness why the amount changed from the original petition. The trial court sustained Plaintiff's objection to Defendant's question, stating that the parties should "deal with the petition as amended." The court also told Defendant that she could not refer to the "old petition." The only evidence offered at trial of a figure similar to $14,459.65 came from Exhibit B, which listed the amount owed under the original contract (not including the additional services requested by Defendant) as $14,570.14.

When Defendant testified on her own behalf, she stated that she agreed she owed Plaintiff money, and she believed she owed about $10,000.00. She did not make any claims that Plaintiff was not entitled to payment. Rather, she explained that she wanted to negotiate with Plaintiff so that she can pay what she owes.

In its judgment in favor of Plaintiff, the trial court awarded Plaintiff $14,459.65 and did not address Plaintiff's request for prejudgment interest. The trial court denied Plaintiff's motion to amend, alter or clarify the court's judgment to change the award to the amount prayed for in its amended petition and to add prejudgment interest. This appeal follows.

## II. DISCUSSION

### A. Standard of Review

We review the judgment in a bench-tried case under the principles set forth in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). *Heskett v. Director of Revenue*, 62 S.W.3d 103, 105 (Mo.App. S.D.2001). We will affirm the trial court's judgment unless there is no substantial evidence to support it, it is against the weight of the

evidence, or it erroneously declares or applies the law. *Murphy*, 536 S.W.2d at 32.

### B. The Trial Court Erred in Awarding the Amount Prayed For in Plaintiff's Original Petition Rather than the Amount Prayed For in Plaintiff's Amended Petition

In its first point, Plaintiff argues that the trial court erred in only awarding the amount prayed for in its original petition ($14,459.65) rather than the amount prayed for in its amended petition ($20,141.39). We agree.

Neither party disputes that Plaintiff is entitled to at least $14,459.65, which appears to represent the amount owed under the contract.[2] As to the additional services, Defendant presented no evidence disputing Plaintiff's evidence that she requested and Plaintiff performed the services. To recover on a theory of quantum meruit, a plaintiff must plead and prove "that it provided to defendant materials or services at the request or with the acquiescence of defendant, that those materials or services had a certain reasonable value, and that defendant despite demands of plaintiff, has failed and refused to pay the reasonable value of those materials and labor." *Berra v. Papin Builders, Inc.*, 706 S.W.2d 70, 73 (Mo.App. E.D.1986).

Here, the record demonstrates that Plaintiff proved the following: (1) it provided additional services to Defendant at Defendant's request; (2) the additional services had a certain reasonable value of $5,571.25; (3) it made a demand on Defendant for payment for the services; and (4) Defendant failed and refused to pay the reasonable value of the services. Because

---

2. Defendant does not appeal the trial court's judgment awarding Plaintiff $14,459.65. As stated above, the summary of amounts owed includes a figure of $14,570.14 for the remaining balance based on services performed pursuant to the contract. In Plaintiff's original petition, the amount listed as the remaining balance for such contractual services was $14,459.65.

the trial court's judgment does not include the value of the additional services, the award of only $14,459.65 is against the weight of the evidence.

■ In addition, Plaintiff is correct in arguing that generally, "an amendment to a pleading abandons any prior pleadings not referred to or incorporated into the new pleading." *Beckmann v. Miceli Homes, Inc.,* 45 S.W.3d 533, 543 (Mo.App. E.D.2001).[3] Since an amended pleading supersedes the pleading which preceded it, "an abandoned pleading is not considered for any purpose in the case; it becomes a mere 'scrap of paper' insofar as the case is concerned." *Value Lumber Co. v. Jelten,* 175 S.W.3d 708, 713 (Mo.App. S.D.2005) (internal citations omitted).

Reviewing the evidence, it is unclear how the trial court arrived at a figure of $14,459.65 as its judgment amount other than through consideration of the amount prayed for in Plaintiff's original petition. As Plaintiff abandoned that petition by filing an amended petition praying for $20,141.39 (plus prejudgment interest), the trial court erred in considering the original petition for this purpose. Thus, the trial court misapplied the law in awarding the amount prayed for in the original petition.

For the foregoing reasons, Plaintiff's first point is granted. The judgment is reversed and remanded with instructions to the trial court to enter an award of $20,141.39, the amount prayed for in Plaintiff's amended petition.

## C. The Trial Court Erred in Failing to Award Plaintiff Prejudgment Interest Pursuant to Section 408.020 RSMo 2000[4]

■ Plaintiff argues in its second and final point that the trial court erred in failing to award it prejudgment interest as requested in its amended petition. We agree.

■ Section 408.020 permits a plaintiff to receive prejudgment interest at a rate of nine percent per annum, when no other rate is agreed upon, for liquidated claims after demand of payment is made. *Watters v. Travel Guard International,* 136 S.W.3d 100, 111 (Mo.App. E.D.2004). For a claim to be liquidated, it must be fixed and determined or readily determinable, but it is sufficient if the amount due is ascertainable by computation or by a recognized standard. *Id.* As to the requirement that a party make a demand for payment, even if a demand for payment was not made prior to filing a lawsuit, the filing itself constitutes a demand. *Id.* "The award of prejudgment interest in a case in which section 408.020 is applicable is not a matter of court discretion; it is compelled." *Id.* at 112 (internal citations omitted).

We agree with Plaintiff that section 408.020 is applicable to this case so that an award of prejudgment interest was compelled. First, Plaintiff's claims are liquidated. They are fixed and determined amounts contained in business invoices. Second, even assuming Plaintiff did not make a specific demand on Defendant for

---

**3.** We recognize that narrow exceptions to this general rule exist; however, they are not applicable to this case. *See Beckmann,* 45 S.W.3d at 543 (discussing exception concluding that plaintiff will not be deemed to have abandoned a claim against defendants in whose favor judgment has been granted based on dismissal or summary judgment with respect to some but not all claims and plaintiff files an amended pleading omitting such defendants); *see also Value Lumber Co. v. Jelten,* 175 S.W.3d 708, 713 n. 8 (Mo.App. S.D.2005) (reciting admission against interest of the pleader exception).

**4.** All statutory references are to RSMo 2000.

payment before filing its lawsuit, filing the lawsuit constitutes a demand. Also, although "[a]n express allegation in the petition seeking prejudgment interest is not a prerequisite to an award of such interest," *Watters,* 136 S.W.3d at 111, Plaintiff specifically requested prejudgment interest in its prayer for relief. Thus, the trial court erred in failing to award prejudgment interest under section 408.020.

Section 408.020 states that creditors shall be allowed to receive prejudgment interest "for all moneys after they become due and payable, on written contracts, and on accounts after they become due and demand of payment is made." The trial court's judgment failing to award prejudgment interest is reversed and the cause is remanded with instructions to the trial court to award prejudgment interest in accordance with section 408.020.

## III. CONCLUSION

The trial court's judgment is reversed and the cause is remanded with instructions.

KURT S. ODENWALD, P.J., and PATRICIA L. COHEN, J., concur.