**Doyle H. ROSA, Respondent,**

v.

**DIRECTOR OF REVENUE STATE OF MISSOURI, Appellant.**

No. WD 53949.

Missouri Court of Appeals, Western District.

July 29, 1997.

Robert Lin Alexander, Marshall, for Respondent.

Ronald D. Pridgin, Jefferson City, for Appellant.

Before ELLIS, P.J., and LOWENSTEIN and HOWARD, JJ.

LOWENSTEIN, Judge.

This case involves the revocation of Doyle H. Rosa's driver's license for failure to submit to a chemical test under § 577.041, RSMo 1994.[1]

While driving on a Missouri highway, Rosa was involved in a one car accident in which he was ejected from the vehicle. State Troopers Schulte and Ahern responded to the accident call. The troopers, believing Rosa was intoxicated, attempted unsuccessfully to administer a chemical test. Because of Rosa's injuries, he was transported by ambulance to Fitzgibbon Hospital in Marshall.

At the hospital, Troopers again attempted unsuccessfully to administer a chemical test to Rosa. After admission, a series of tests

---

1. All statutory references are to RSMO 1994, unless otherwise noted.

were ordered to determine the extent of Rosa's injuries. Cervical spine, skull, and abdominal x-rays were ordered and blood was drawn. Lab reports showed no skull, spinal or abdominal injuries; however, the blood test revealed a blood alcohol content of .349 grams per deciliter. After receiving treatment for open wounds on his lip, hand, and nose, Rosa was released from the Fitzgibbon emergency room.

Rosa's driver's license was revoked for refusing to submit to a chemical test. He then filed a petition for review in the circuit court pursuant to § 577.041. The court docket indicates the case was heard on January 8, 1997. Rosa's petition was sustained and his driving privileges were reinstated on the grounds that Rosa's medical condition rendered him incapable of refusing the chemical test. This appeal followed.

The Director of Revenue argues two points on appeal: 1) the trial court erred in sustaining Rosa's petition because he refused to submit to a chemical test in that he failed to present evidence that his medical condition rendered him incapable of refusing; and 2) the court erred in failing to preserve a record of the proceeding, and because of the court's failure to preserve a record, this court does not have an adequate record to determine the issues on appeal. This court will not reach the merits of the appeal and shall address appellant's second point only.

The sufficiency of the record on appeal is raised by both parties. Appellant, the Director of Revenue, claims the court erred in failing to preserve a record. In support of this contention, the Director has included in the legal file a letter from the circuit court clerk which states, "there was no record of hearing made on January 8, 1997." The respondent, Rosa, claims that no transcript exists because the parties entered into a stipulation that the case would be submitted to the judge for review and decision without a formal record being made. This court has no record in the legal file of a stipulation. The only substantive documents contained in the record are the Driver's Petition, medical records, and the Judgment Sustaining Petition for Review. There is no transcript, no arrest report, and no record of stipulations (except that the docket sheet indicates the medical records were admitted by stipulation).

In order to revoke a license pursuant to § 577.041, the Director must show that: 1) the person was arrested; 2) the arresting officer had reasonable grounds to believe the person was driving a motor vehicle while in an intoxicated condition and; 3) the person refused to submit to a test. § 577.041.2, *Berry v. Dir. of Revenue*, 885 S.W.2d 326, 328 (Mo. banc 1994). If the trial court determines one or more of these criteria have not been met, it must reinstate driving privileges.

Without any evidentiary record, this court is unable to determine trial court error. Further, this court cannot determine, based on the record, that appellant neglected to furnish a record which had been prepared. *See Delf v. Cartwright*, 651 S.W.2d 622 (Mo. App.1983). Here the trial court made no record. Although Rosa asserts the absence of a record is due to stipulation of the parties, that assertion is not supported by the record on appeal as no stipulation was recorded. This court cannot review the cause based on the sparse record. *Vogel v. Dir. of Revenue*, 804 S.W.2d 432, 434—35 (Mo.App. 1991); *Keller v. Dir. of Revenue*, 947 S.W.2d 478 (Mo.App.1997). Unless the parties can submit a statement as provided by Rule 81.13, this cause must be reheard by the circuit court. *Vogel*, 804 S.W.2d at 435.

The cause is reversed and remanded.

All concur.