Paula B. BALAKAS,
Plaintiff/Respondent,

v.

DIRECTOR OF REVENUE, STATE OF MISSOURI, Defendant/Appellant.

No. ED 82045.

Missouri Court of Appeals,
Eastern District,
Division Five.

June 24, 2003.

Jeremiah W. (Jay) Nixon, Atty. Gen., Michael J. Schmid, Asst. Atty. Gen., Jefferson City, MO, for appellant.

Mark R. Sanders, St. Louis, MO, for respondent.

CHARLES B. BLACKMAR, Senior Judge.

The respondent was arrested on August 1, 2001. The arresting officer filed the following report.:

> I was contacted by witness Bagley at 4:35 a.m. He stated that a new white Cadillac driven by a blondhaired driver had nearly struck his vehicle on the roadway near Keifer Creek and New Ballas Road. He stated that the white Cadillac crossed the dividing lines into his lane on north bound New Ballas Road near Keifer Creek forcing him to take evasive action to avoid a collision. Minutes later I located the listed vehicle at 950 New Ballas Road in a parking lot. The engine was running, music blaring and Balakas was in the driver's seat. When I contacted her I detected the strong odor of an alcoholic beverage, observed the driver's eyes to be blood-shot glassy and I observed an open bottle of Grey Goose Vodka on the passenger's seat. Balakas failed the listed field sobriety tests. Witness Bagley returned and positively identified Balakas and the Cadillac. Balakas was arrested and refused to submit to the chemical test of her breath....

The officer filed an Alcohol Influence Report indicating that the respondent had refused the chemical test. The Appellant Director of Revenue issued a notice of revocation of the respondent's driving privileges for one year, effective 15 days after the date of the notice. On August 15, 2001, the respondent filed a petition for review of the Director's order, which was stayed pending review.

The case came on for hearing before a Commissioner, months later. On October 7, 2002, the Court entered the following order sustaining the Commissioner's recommendations:

> Petitioner objects to the lay witness statements as hearsay and double hearsay, therefore no foundation for admission into evidence.

> Court sustains Petitioner's objections as to hearsay and further finds there is insufficient circumstantial evidence of Petitioners driving/operating a motor vehicle.

> The Court further finds that the police officer's observation as reflected in the Police Report specifically as to Petitioners operating/driving a motor vehicle were not credible and insufficient circumstantial evidence of Petitioners operating/driving a motor vehicle while intoxicated. The Court therefore finds the police officer lacked reasonable grounds to believe Petitioner was operating a motor vehicle while intoxicated.

The Director appeals from this judgment, alleging in his sole point that "the trial court erred in reinstating Ms. Balakas's driving privileges because its judgment is against the weight of the evidence, is unsupported by substantial evidence, and erroneously declares and applies the law, in that the observations of Mr. Bagley and Officer Krambeck showing reasonable grounds for arrest for driving while intoxicated are uncontroverted and statements from Mr. Bagley are admissible to show reasonable grounds, and the director is not required to prove actual driving."

█ Review of the court-tried case is governed by *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). That case authorizes reversal if the judgment appealed from is contrary to the weight of the evidence, but later cases make it clear that the findings of fact of the trial court are entitled to the greatest deference. Legal error as to such matters as admissibility of evidence and the sufficiency of the proof are, however, subject to full review. Here we do not need to enter into questions regarding review of the weight of the evidence, because we find legal errors which control the disposition of the case.

The trial court sustained the respondent's objection to "lay witness statements as hearsay," but the order does not indicate the evidence which the Court found to be inadmissible and therefore not appropriate for consideration. The statements of witness Bagley, for example, would constitute inadmissible hearsay if offered to prove the facts he stated, but could be properly admitted to demonstrate the reasonableness of the officer's request that the respondent undergo chemical testing. *See McCabe v. Director of Revenue, State of Missouri*, 7 S.W.3d 12, 14 (Mo.App. E.D.1999); *Burleson v. Director of Revenue, State of Missouri*, 92 S.W.3d 218, 221 (Mo.App. S.D.2002). We cannot effectively review the trial court's action without knowing what evidence the court considered and what it rejected as inadmissible.

█ The trial court's judgment also indicates that the court may have thought that evidence that the respondent was in the driver's seat of her car with the engine running was not sufficient to demonstrate that she was operating her vehicle. The recent Supreme Court case of *Cox v. Director of Revenue*, 98 S.W.3d 548 (Mo. banc 2003) emphatically holds to the contrary.

We conclude, therefore, that the trial court may have failed to consider legally competent evidence and may have required stricter proof of the element of operating a motor vehicle than the law requires. Strong policy reasons underlie the provision for suspension of an operator's license for refusal to accede to a proper request for a chemical test, and that the record before us is insufficient to permit us to determine whether there is legal error.

The judgment, therefore, is reversed and the case is remanded for new trial or other proceedings consistent with this opinion.

LAWRENCE E. MOONEY, C.J., and LAWRENCE G. CRAHAN, J., concur.