Dominic SWAN, Respondent,

v.

Trish VINCENT, Director of
Revenue, Appellant.

No. WD 68454.

Missouri Court of Appeals,
Western District.

Aug. 5, 2008.

Jeffrey S. Stacey, Esq., Jefferson City, MO, for appellant.

Dominic Swan, respondent pro se, Kansas City, MO, for respondent.

Before DIV IV: HOWARD, C.J., LOWENSTEIN and WELSH, JJ.

HAROLD L. LOWENSTEIN, Judge.

The Director of Revenue ("the Director") appeals the trial court's judgment reinstating Dominic Swan's driving privileges. The Director revoked Swan's driving privileges, pursuant to Section 577.041,[1] for refusing a blood test for alcohol after a single car accident. The trial court reinstated Swan's driving privileges, finding, on the facts and law, that Swan was entitled to relief. This court finds that the Director showed that Swan, a driver under the age of twenty-one, was stopped upon reasonable suspicion that he had been operating a motor vehicle with a blood alcohol content of .02% or greater.

---

1. All statutory references are to RSMo (Cum. Supp.2005) unless otherwise specified.

The judgment is reversed, and the suit remanded for further proceedings.

## I. FACTUAL BACKGROUND

Swan was involved in a single-car, roll-over accident at 87th Street and I–435 in Kansas City in the early evening of May 24, 2006, a clear, dry day. Swan was nineteen years old. A witness at the scene told responding police officers that Swan's car was weaving in and out traffic at high speed. The car wove into the right lane, lost control, swerved across two lanes of traffic and then back across three lanes, leaving the right side of the road and rolling over several times. When the officers arrived at the scene, Swan was pinned inside of his car. He was belligerent, uncooperative, and verbally abusive to the responding rescuers who were attempting to extricate him. He refused to give police or rescuers any personal information.

Responding to the scene, Officer Danielle Williams, observed several cans of Colt 45 beer in and around Swan's vehicle and a liter of Bacardi Rum inside the car. Williams stated that a strong smell of alcohol emanated from Swan. Swan's eyes were bloodshot, watery, and glassy, and his speech was slurred. No field sobriety tests were administered because, upon extrication, Swan was strapped to a backboard. Williams traveled to the hospital in the ambulance with Swan. The officer was forced to restrain Swan during the ride when he repeatedly attempted to rise from the backboard.

Williams remained with Swan at the hospital. Swan continued to act in a belligerent and uncooperative manner. The officer informed him about Missouri's Implied Consent Law and asked him to submit to a blood test for alcohol. Swan refused. He was cited for a number of traffic violations, including careless driving, driving with a suspended or revoked license, driving under the influence, and a minor in possession.

The Director revoked Swan's license pursuant to Section 577.041. Swan sought review. The Director admitted into evidence the testimony of Officer Williams, the Alcohol Incident Report, and Swan's certified driving record. At the close of the Director's case, Swan moved for a directed verdict, arguing that the Director failed to show that Swan had been under arrest prior to the request to submit to the blood test. The trial court stated:

> Well, I've reviewed the provision for under the age of 21, because that would appear applicable here, which requires—does not require the arrest but requires a stop with reasonable grounds to believe that the Petitioner's BAC exceeds two-hundredths of one percent. And if I'm reading that correctly, I would have had to have testimony on that. If he was over 21, the law is that there had to be an arrest prior to the request to take the test and the refusal.
>
> I'm particularly relying on similar factual circumstances with the *Callendar*[2] opinion, were [sic] there was an accident and the court found that the officer's actions were not sufficient to establish arrest. Therefore, Petitioner's motion for judgment at the close of Respondent's case is granted.

Although the court granted Swan's motion upon a finding that the Director had failed to establish that Swan was arrested prior to the request for the blood test, the April 19 judgment stated that "petitioner is under the age of twenty-one years old, and that respondent presented no evidence that the police officer had reasonable grounds to believe, after *stopping* petition-

---

2. *Callendar v. Dir. of Revenue,* 44 S.W.3d 866 (Mo.App.2001)

er, that petitioner had a blood alcohol content of two-hundredths of one percent or greater" and reinstated Swan's license. (Emphasis added.) This appeal followed.

## II. DISCUSSION

 When a motion for directed verdict is made in a court-tried case, "the motion is treated as one submitting the case for a decision on the merits pursuant to Rule 73.01(b)." *Spry v. Dir. of Revenue*, 144 S.W.3d 362, 367 (Mo.App.2004). "After the plaintiff in a court-tried case has completed the presentation of his or her evidence, Rule 73.01(b) authorizes a defendant to move by motion for a judgment on the grounds that upon the facts and the law the plaintiff is not entitled to relief." *Id.* (internal quotation marks omitted). Accordingly, this court reviews the trial court's judgment under the standard set forth in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). This court will affirm the trial court's judgment unless is not supported by substantial evidence or is against the weight of the evidence, or the judgment misstates or misapplies the law. *Spry*, 144 S.W.3d at 367.

 This court will defer to the trial court's credibility determination. *Id.* However, "[i]f the evidence is uncontroverted or admitted so that the real issue is a legal one as to the legal effect of the evidence, then there is no need to defer to the trial court's judgment." *Hinnah v. Dir. of Revenue*, 77 S.W.3d 616, 620 (Mo. banc 2002). In a license revocation case, the trial court may not disregard " 'unequivocal and uncontradicted evidence that supports Director's contentions.' " *Spry*, 144 S.W.3d at 367 (citations omitted). "The standard of review does not allow an appellate court 'to disregard uncontroverted evidence supporting the fact that all elements of Director's case were met.' " *Id.* at 367–68 (*quoting Zimmerman v. Dir. of Revenue*, 72 S.W.3d 634, 636 (Mo.App. 2002)).

The Director raises two claims of error. The Director first argues that the trial court erred, in its oral pronouncement granting Swan's motion, in finding that the evidence did not show that Swan was "arrested or stopped." The Director next argues that the trial court erred in finding, in the written judgment, that the evidence did not establish reasonable grounds to believe Swan was driving with a BAC of .02% or greater. Although this court finds that the first claim of error is dispositive, because the oral pronouncement and the written judgment are inconsistent, this opinion will address both claims.

The Director argues that the trial court's grant of the motion was error as the evidence established that Swan was under arrest when Officer Williams asked for his consent to a blood test. The Director points out that, because the evidence was uncontroverted, the real issue is the legal effect of the evidence, and this court need not defer to the trial court's judgment. *Hinnah*, 77 S.W.3d at 620.

Missouri's implied consent law, Section 577.020.1, sets forth three circumstances in which a driver is deemed to consent to a chemical test for alcohol: (1) an arrest upon reasonable grounds to believe a driver is under the influence; (2) a stop where the driver is under the age of twenty-one and the driver was stopped upon reasonable grounds to believe that the driver was operating a motor vehicle with a BAC of .02% or greater;[3] (3) a collision resulting

---

**3.** Section 577.020 specifies three circumstances where the implied consent applies to a driver under twenty-one. In all three circumstances, the police officer must have rea-

sonable grounds to believe the driver was operating a motor vehicle with a BAC of .02% or greater. That belief, alone, is sufficient under the section. Additional circumstances

**426**

in a fatality, a serious physical injury, or the issuance of a uniform traffic ticket.

Section 302.505 sets forth the elements the Director must prove in a license revocation under the implied consent law. This section only contemplates *two* circumstances where the driver's refusal to comply with the implied consent law will result in the revocation or suspension of driving privileges: (1) an arrest; or (2) where the driver is under the age of twenty-one, a stop. Consistent with this statute, in a license revocation action, the Director must show: (1) an arrest or a stop; and (2) reasonable grounds to believe that the driver was operating a motor vehicle in an intoxicated state, or, if the driver is under the age of twenty-one, was operating a motor vehicle with a BAC of .02% or greater. Section 577.041.4. Neither the circumstances under which the Director may suspend or revoke a driver's license, nor the elements she must show, contemplate a collision as set forth in Section 577.020.1.

■ Although a driver is deemed to consent to a chemical test for alcohol where the driver is involved in a collision resulting in a fatality or a serious physical injury, this circumstance is not, without more, a basis for the Director to institute a license revocation action against the driver under the above statutes. The legislature did not deem such a collision as a basis, alone, for revocation. To invoke the Director's authority to revoke the driver's license, consistent with the statutory distinction between drivers, by virtue of their ages, the collision must result in an arrest or, where the driver is under the age of twenty-one, a stop. To conclude otherwise—that a collision and probable cause to believe the driver was intoxicated must result in an arrest to sustain revocation of

the driver's license, regardless of the age of the driver—is to ignore the clear distinction the legislature maintained between drivers twenty-one years or older and drivers under the age of twenty-one. Consistent with the statutory scheme, where a driver is under the age of twenty-one, the Director need only show a stop, not an arrest, regardless of whether the driver violated a traffic law or was involved in a collision. To hold that the Director must show an arrest if the driver was involved in a collision but only a stop if the driver violated a traffic law would be inconsistent with the statutory scheme.

■ The trial court's initial statement, that Swan was under twenty-one years old, therefore the Director need not show an arrest, was correct. Inexplicably, the trial court then granted Swan's motion, relying on *Callendar v. Dir. of Revenue,* 44 S.W.3d 866 (Mo.App.2001). The applicability of the holding in *Callendar* to the facts of this case is unclear. In *Callendar,* this court found that the police officer's actions, after escorting an injured driver to the hospital, were ineffective to demonstrate an arrest. *Id.* at 869–70. However, the opinion is unclear whether driver was over or under the age of twenty-one years. Accordingly, this court cannot conclude that *Callendar* requires an arrest of a driver under the age of twenty-one before the implied consent law can be invoked.

Swan was nineteen at the time of the collision. The trial court was correct in its initial oral pronouncement that, as Swan was under the age of twenty-one years, the Director was required to adduce evidence of a stop upon reasonable suspicion that he was driving was a blood alcohol content of .02%. The written judgment found, contrary to the court's oral pronouncement,

include a stop for a traffic violation or a stop at a sobriety checkpoint as well as the belief

that the driver is operating the motor vehicle with a BAC of .02% or greater.

that the Director had failed to establish that Swan was stopped upon reasonable suspicion that he had operated a vehicle while intoxicated. The written judgment is clearly belied by the record.

The record indicates that Swan was stopped when Officer Williams accompanied Swan in the ambulance to the hospital, physically restrained Swan during the ambulance ride, stayed with Swan at the hospital for several hours, and, before leaving the hospital, issued Swan four traffic citations. This evidence was sufficient to make a case that Swan, a driver under the age of twenty-one, had been stopped.

The record also indicates that the officer had ample reasonable suspicion that Swan was operating a motor vehicle with a blood alcohol content of .02% or greater. Swan was the only individual extracted from the vehicle when the officer arrived at the accident scene. The officer saw empty beer cans and a bottle of rum in and about the vehicle. Swan had a strong odor of alcohol, he had glassy and watery eyes, and he behaved in a belligerent and uncooperative manner. The uncontroverted evidence demonstrated that the officer had reasonable suspicion that Swan had been operating his vehicle with a blood alcohol content of .02% or greater.

The Director met her burden set forth in Section 577.041 to support the revocation of Swan's license. Swan was not entitled to judgment upon the facts and the law. The judgment of the trial court is reversed, and this action is remanded for trial.

All Concur.